## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER JOHNSON, #K-60891,    )
    )
        Plaintiff,    )
    )
vs.    )     CASE NO. 10-cv-1021-JPG
    )
MR. DISMORE, UNKNOWN PARTY    )
DIETARY SUPERVISOR, C/O    )
MANTELLO, NURSE SUCHER, LEE    )
RYKER, and MRS. TAYLOR,    )
    )
        Defendants.    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Johnson, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a fourteen year sentence for burglary, and six years for possession of contraband in a penal institution. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## <u>The Complaint</u>

Plaintiff alleges that on June 12, 2010, he was injured by a foreign object in his food, which turned out to be the flattened metal pour tab from a salt container. At the time of this incident, the prison was on lockdown and food trays were delivered to Plaintiff's cell by Defendant Mantello. Not seeing the object mixed in with his noodles and shredded chicken, Plaintiff discovered it when it cut painfully into his cheek. The pain caused him to swallow the food and metal piece, which lodged in his throat and choked him. Plaintiff was able to cough out

the food after a few minutes, but suffered a cut inside his mouth and soreness in his throat.

Plaintiff's cellmate summoned Defendant Mantello, who, after seeing the metal object that choked Plaintiff, took him out of his cell to the control area. Plaintiff explained what had happened to Lt. McCorkle, who then escorted him to the Health Care Unit. Defendant Nurse Sucher saw Plaintiff briefly, and Plaintiff claims he was not able or allowed to explain his problem. Despite being in "extreme pain," Plaintiff was sent back to his housing unit without any pain medicine. Defendant Sucher did not refer him to see a doctor or arrange for any follow up visit.

Plaintiff was unable to eat due to the pain, and was still in this condition when he saw the doctor eleven days later, after the lockdown ended. Plaintiff does not describe what treatment he received at that time or whether he has suffered any lasting effects from the mouth and throat injuries.

Plaintiff seeks compensatory and punitive damages for his injuries from Defendants Mantello, Dismore (the head dietary supervisor), the Unknown Party Dietary Supervisor, Warden Ryker, and Acting Director of the Illinois Department of Corrections Mrs. Taylor, all of whom he claims failed to protect him from the harm he suffered. He also alleges Nurse Sucher was deliberately indifferent to his serious medical needs.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two (2) counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Injury from Contaminated Food**

Plaintiff's allegation that prison officials should be liable for the injury he sustained due to the foreign object in his food falls under the general category of a complaint over the conditions of Plaintiff's confinement. In such a case, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also Vinning-El v. Long*, 482 F.3d 923, 924 (7ᵗʰ Cir. 2007); *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7ᵗʰ Cir. 1992). The objective component of a conditions claim focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7ᵗʰ Cir. 1992).

The circumstances of Plaintiff's injury do not suggest a widespread or frequent problem with the safety of the prison food that might rise to the level of creating an excessive risk to Plaintiff or other inmates. On the contrary, a single incident of contaminated food does not appear to the Court to state an objectively serious deprivation of Plaintiff's rights.

As to the subjective component of an Eighth Amendment claim, in other words, the intent with which the acts or practices constituting the alleged punishment are inflicted, a plaintiff must demonstrate deliberate indifference to inmate health or safety on the part of the defendant. *Id.*

The prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer*, 511 U.S. at 837; *Wilson v. Seiter,* 501 U.S. 294, 303 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994); *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842.

Mere negligence on the part of a defendant, however, is not enough to establish liability under the deliberate indifference standard in a § 1983 case. *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property" (emphasis in original)); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Significantly, Plaintiff's allegations against the Defendants in this case accuse them only of negligence. Nowhere in the complaint does Plaintiff allege any knowing, intentional, reckless, or deliberate conduct on the part of any Defendant that led to the contamination of his food. Plaintiff states that Defendant Dismore, the head dietary supervisor, Defendant John Doe Dietary Supervisor, and Defendant Montello were negligent in their duties to provide inmates with safe food. Because of their negligence, the piece of metal that injured Plaintiff was allowed to contaminate the food (Doc. 1, p. 6). While these allegations may make out an actionable tort claim if they were brought in state court, they do not state a claim for a violation of Plaintiff's constitutional rights, and therefore must be dismissed.

The allegations against Defendants Ryker and Taylor must also be dismissed, as again,

Plaintiff outlines only a negligence claim against them. Moreover, there is no supervisory liability in a § 1983 action. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'") (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

For these reasons, Plaintiff's claim for injuries as a result of the contaminated food must be dismissed without prejudice to his claim being brought in the appropriate state court should Plaintiff so desire.

**Count 2 - Deliberate Indifference to Medical Needs**

Plaintiff argues that Defendant Nurse Sucher violated his constitutional rights by failing to provide him with any medical treatment after his injury. He does not name any other defendants in connection with this claim.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). As discussed above in reference to the

conditions of confinement claim, Plaintiff must demonstrate both the objective and the subjective components of a claim for deliberate indifference to medical needs by showing: (1) that his medical condition was objectively serious, and (2) that the Defendant acted with deliberate indifference to his medical needs. *See Farmer*, 511 U.S. at 837; *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

In Plaintiff's case, he alleges that he suffered a painful cut inside his mouth, and soreness in his throat, that were severe enough to prevent him from being able to eat for a number of days. This condition arguably meets two of the *Gutierrez* criteria – where failure to treat could result in unnecessary and wanton infliction of pain, and the existence of chronic and substantial pain.

As to the subjective element of deliberate indifference, it is not clear whether Defendant Nurse Sucher knew about the details of Plaintiff's injury or condition, as he alleges he was not allowed or able to "speak about [his] issue" (Doc. 1, p.5). However, the events described in the complaint indicate that Defendant Sucher would have been generally aware of Plaintiff's injury from her observation of him. Despite the prison being on lockdown, Plaintiff was taken out of his cell for the medical visit to Defendant Sucher immediately after suffering the cut to his

mouth.

"A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996). While negligent treatment or even malpractice by a medical professional does not state a constitutional claim, *see Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008), Plaintiff here alleges that Defendant Sucher's failure to offer any treatment or pain medication caused him to suffer unrelieved pain and be unable to eat for approximately eleven days, when he finally saw the doctor. *See Gutierrez,* 111 F.3d at 1373.

At this stage, it cannot be determined whether Defendant Sucher's actions constituted deliberate indifference, or whether the fact of the prison being on lockdown would have justified the alleged lack of attention to Plaintiff's medical needs. *See Bell v. Wolfish,* 441 U.S. 520, 546-47 (1979) (a prison may be permitted some infringement on inmates' rights for reasons of institutional security); *Lucien v. Godinez*, 814 F. Supp. 754, 757 (N.D. Ill. 1993) (policy to restrict doctors visits during a lockdown, except in life-threatening situations, did not violate the Eighth Amendment); *Waring v. Meachum*, 175 F. Supp. 2d 230 (D. Conn. 2001) (failure to provide routine medical care during lockdown did not state a constitutional violation). Therefore, at this time, Plaintiff's claim against Defendant Sucher cannot be dismissed.

## **Pending Motion**

On July 8, 2011, Plaintiff filed a Motion for Declaration for Entry of Default (Doc. 10), in which he claims that the Court records show that Defendants were served with summons and a

copy of the complaint by the United States Marshal on December 16, 2010, and have made no response. Plaintiff's statement is incorrect. Nowhere in the docket entries for December 16, 2010, or for any other date, is there any notation that service has been made on any of the Defendants. To the contrary, service is never initiated in a prisoner civil rights case until after the Court conducts its preliminary review under 28 U.S.C. § 1915A. Now that the Court has completed its review, service shall proceed as ordered below. There being no grounds to support Plaintiff's request to hold Defendants in default, the motion (Doc. 10) is **DENIED.**

**Disposition**

      **IT IS HEREBY ORDERED** that **COUNT ONE** fails to state a claim upon which relief may be granted, and thus is **DISMISSED** without prejudice to Plaintiff bringing his claim in state court. Defendants **DISMORE, MANTELLO, RYKER, TAYLOR** and **UNKNOWN PARTY DIETARY SUPERVISOR** are **DISMISSED** from this action without prejudice.

      **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **SUCHER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: July 26, 2011**

                                    *s/J. Phil Gilbert*
                                    **United States District Judge**